THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| AUSTIN FERGE and DOUGLAS WISE, | ] |
| Plaintiffs, | ]Case No. 08-CV-50110 |
| v. | ] |
| | ]Judge Kapala |
| FEDERAL EXPRESS CORPORATION, | ] |
| a Delaware corporation, d/b/a FEDEX | ]**TRIAL BY JURY DEMANDED*** |
| EXPRESS, and FEDEX FREIGHT EAST, | ] |
| INC., an Arkansas corporation, | ] |
| | ] |
| Defendants. | ] |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

TO:　Robert H. Clark
　　　CLARK, JUSTEN & ZUCCHI, LTD.
　　　7320 N. Alpine Road
　　　Rockford, IL 61111

NOW COMES Defendant, **FEDERAL EXPRESS CORPORATION,** by and through its attorneys and for its Answer to Plaintiff, Austin Ferge's and Douglas Wise's, Complaint, states as follows:

### COUNT I
### [FERGE v. FEDFEX EXPRESS]

Defendant, **FEDERAL EXPRESS CORPORATION**, makes no answer to the allegations contained in Count I of Plaintiff's Complaint, which is the subject of Defendant's Motion to Dismiss, which Defendant incorporates by reference.

**WHEREFORE**, Defendant, **FEDERAL EXPRESS CORPORATION,** denies that the Plaintiff, AUSTIN FERGE, is entitled to judgment against it in a sum in excess of $75,000.00, or in the amount of any other sum whatsoever, and respectfully requests that this litigation, so wrongfully brought, be dismissed, with prejudice, at Plaintiff's costs.

## COUNT II
### [FERGE v. FED EX FREIGHT EAST, INC.]

1.  This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code §1332, in that the Plaintiff, AUSTIN FERGE, is a citizen of the State of Illinois and the Defendant, FEDEX FREIGHT EAST, INC., is incorporated in the State of Arkansas, and is a citizen of and has its principal place of business in the State of Arkansas. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00

> **ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., admits the allegations contained in Paragraph 1 of Count II of Plaintiff's Complaint.

2.  That on May 29, 2008, and for some time prior thereto, the defendant, FEDEX FREIGHT EAST, INC., was a Arkansas corporation, engaged in the trucking and freight business and traveling in and through the State of Illinois, County of Winnebago and City of Rockford in the course of doing business.

> **ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., admits the allegations contained in Paragraph 2 of Count II of Plaintiff's Complaint.

3. That on May 29, 2008, at all times pertinent hereto, Brad Swinson, was an employee, agent or apparent agent of FEDEX FREIGHT EAST, INC.

> **ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., admits the allegations contained in Paragraph 3 of Count II of Plaintiff's Complaint.

4.  That on or about May 29, 2008, the Plaintiff, AUSTIN FERGE, was the driver of a 1991 Oldsmobile passenger vehicle traveling westbound on

Jefferson Street in the City of Rockford, County of Winnebago and State of Illinois.

> **ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., admits the allegations contained in Paragraph 4 of Count II of Plaintiff's Complaint.

5. At the foregoing time and place, a FEDEX FREIGHT EAST, INC. truck operated by Brad Swinson, was proceeding south on Second Street crossing its intersection with Jefferson Street, in the City of Rockford, County of Winnebago and State of Illinois.

> **ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., admits the allegations contained in Paragraph 5 of Count II of Plaintiff's Complaint.

6. That at the aforesaid time and place, it ran a red light at the same time the Plaintiff's vehicle, proceeding west on Jefferson on the green light entered said intersection, colliding with the FEDEX FREIGHT EAST, INC., a Delaware corporation, truck and in the process of that collision, going underneath the trailer of the FEDEX FREIGHT EAST, INC., truck.

> **ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., admits while proceeding west on Jefferson, Plaintiff's vehicle collided with and went underneath the trailer of the FEDEX FREIGHT EAST, INC.'s truck. Defendant, FEDEX FREIGHT EAST INC., denies each of the remaining allegations contained in Paragraph 6 of Count II of Plaintiff's Complaint.

7. That on May 29, 2008, immediately before the collision the Defendant, FEDEX FREIGHT EAST, INC.'s, truck being driven by Brad Swinson, had a traffic control device controlling his direction of travel which was red.

**ANSWER:**　Defendant, FEDEX FREIGHT EAST, INC., denies the allegations contained in Paragraph 7 of Count II of Plaintiff's Complaint.

8.　That on May 29, 2008, the Plaintiff's vehicle was proceeding west on Jefferson Street and proceeding westbound with a green light on the traffic control device and entered said intersection colliding with the FEDEX FREIGHT EAST, INC., truck and in the process of that collision was forced underneath the trailer portion of the FEDEX FREIGHT EAST, INC. tractor/trailer.

**ANSWER:**　Defendant, FEDEX FREIGHT EAST, INC., admits while proceeding west on Jefferson, Plaintiff's vehicle collided with and went underneath the trailer of the FEDEX FREIGHT EAST, INC.'s truck. Defendant, FEDEX FREIGHT EAST, INC., denies each of the remaining allegations contained in Paragraph 8 of Count II of Plaintiff's Complaint.

9.　That on May 29, 2008 at the said time and place the Defendant, FEDEX FREIGHT EAST, INC., by and through its' employee, agent or apparent agent, Brad Swinson, failed to stop for the traffic control device controlling its lane of traffic, which was red, and struck Plaintiff's vehicle.

**ANSWER:**　Defendant, FEDEX FREIGHT EAST, INC., denies the allegations contained in Paragraph 9 of Count II of Plaintiff's Complaint.

10.　That FEDEX FREIGHT EAST, INC. by and through its employee, agent or apparent agent Brad Swinson, was then and there negligent in one of more of the following respects:

   a. Failed to obey the instructions of the official traffic control traffic control device controlling southbound traffic on North Second Street in violation of 625 ILCS 5/11-305(a);

   b. Failed to decrease his speed when approaching and crossing an intersection contrary to and in violation of 625 ILCS 5/11-601(a);

4

    c. Failed to decrease his speed to avoid colliding with the Plaintiff's vehicle or other vehicles legally on the highway in violation of 625 ILCS 5/11-601(a);

    d. Drove his vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and use of the highway in violation of 625 ILCS 5/11-601(a);

    e. Failed to keep a proper lookout for traffic lawfully upon the roadway directly in front of his vehicle or to the east of his motor.

    f. Failed to give an audible warning with the horn when such warming was reasonable and necessary insure safety in violation of 625 ILCS 5/12-601(a);

    g. Failed to keep his vehicle under proper control.

**ANSWER:** Defendant, FEDEX FREIGHT EAST, INC., denies each and every allegation contained in Paragraph 10 of Count II of Plaintiff's Complaint, including but not limited to subparagraph (a) through (g).

11. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, FEDEX FREIGHT EAST, INC., its motor vehicle collided with the motor vehicle of the Plaintiff, AUSTIN FERGE, resulting in the Plaintiff, AUSTIN FERGE, sustaining severe and permanent injuries, both externally and internally, has caused him great pain and suffering and continues to cause great pain and suffering, and will cause him great pain and suffering in the future. Further, Plaintiff, AUSTIN FERGE, has become liable for large sums of money for medical expenses in endeavoring to be cured and healed of his injuries, had caused and continues to cause him to be impaired from going about his daily affairs as a result of his injuries and sustained a loss of earnings and a diminished earning capacity.

**ANSWER:**   Defendant, FEDEX FREIGHT EAST, INC., denies the allegations contained in Paragraph 11 of Count II of Plaintiff's Complaint.

**WHEREFORE**, Defendant, **FEDEX FREIGHT EAST, INC., an Arkansas corporation,** denies that the Plaintiff, AUSTIN FERGIE, is entitled to judgment against it in a sum in excess of $75,000.00, or in the amount of any other sum whatsoever, and respectfully requests that this litigation, so wrongfully brought, be dismissed, with prejudice, at Plaintiff's costs.

## COUNT III
### [WISE v. FEDERAL EXPRESS CORPORATION]

Defendant, **FEDERAL EXPRESS CORPORATION**, makes no answer to the allegations contained in Count III of Plaintiff's Complaint, which is the subject of Defendant's Motion to Dismiss, which Defendant incorporates by reference.

**WHEREFORE**, Defendant, **FEDERAL EXPRESS CORPORATION,** denies that the Plaintiff, DOUGLAS WISE, is entitled to judgment against it in a sum in excess of $75,000.00, or in the amount of any other sum whatsoever, and respectfully requests that this litigation, so wrongfully brought, be dismissed, with prejudice, at Plaintiff's costs.

## COUNT IV
### [WISE v. FEDEX FREIGHT EAST, INC.]

1.   This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code §1332, in that the Plaintiff, DOUGLAS WISE, is a citizen of the State of Illinois and the Defendant, FEDEX FREIGHT EAST, INC., is incorporated in the State of Arkansas, and is a citizen of and has its principal place of business in the State of Arkansas. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits the allegations contained in Paragraph 1 of Count IV of Plaintiff's Complaint.

2. That on May 29, 2008, and for some time prior thereto, the Defendant, FEDEX FREIGHT EAST, INC., was a Arkansas corporation, engaged in the trucking and freight business and traveling in and through the State of Illinois, County of Winnebago and City of Rockford in the course of doing business.

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits the allegations contained in Paragraph 2 of Count IV of Plaintiff's Complaint.

3. That on May 29, 2008, at all times pertinent hereto, Brad Swinson, was an employee, agent or apparent agent of FEDEX FREIGHT EAST, INC.

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits the allegations contained in Paragraph 3 of Count IV of Plaintiff's Complaint.

4. That on or about May 29, 2008, the Plaintiff, DOUGLAS WISE, was a passenger in a 1991 Oldsmobile passenger vehicle operated by the Plaintiff, AUSTIN FERGE, traveling westbound on Jefferson Street in the City of Rockford, County of Winnebago and State of Illinois.

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits the a allegations contained in Paragraph 4 of Count IV of Plaintiff's Complaint.

5. At the foregoing time and place, a FEDEX FREIGHT EAST, INC. truck operated by Brad Swinson, was proceeding south on Second Street crossing its intersection with Jefferson Street, in the City of Rockford, County of Winnebago and State of Illinois.

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits the allegations contained in Paragraph 5 of Count IV of Plaintiff's Complaint.

6. That at the aforesaid time and place, it ran a red light at the same time the vehicle in which the Plaintiff, DOUGLAS WISE, was a passenger, was proceeding west on Jefferson on the green light entered said intersection, colliding with the FEDEX FREIGHT EAST, INC., truck and in the process of that collision, going underneath the trailer of the FEDEX FREIGHT EAST, INC., truck.

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits while proceeding west on Jefferson, Plaintiff's vehicle collided with and went underneath the trailer of the FEDEX FREIGHT EAST, INC.'s truck. Defendant, **FEDEX FREIGHT EAST, INC.,** denies each of the remaining allegations contained in Paragraph 6 of Count III of Plaintiff's Complaint.

7. That on May 29, 2008, immediately before the collision the Defendant, FEDEX FREIGHT EAST, INC.'s, truck being driven by Brad Swinson, had a traffic control device controlling his direction of travel which was red.

> **ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** denies the allegations contained in Paragraph 7 of Count IV of Plaintiff's Complaint.

8. That on May 29, 2008, the vehicle in which Plaintiff, DOUGLAS WISE, was a passenger was proceeding west on Jefferson Street and proceeding westbound with a green light on the traffic control device and entered said intersection colliding with the FEDEX FREIGHT EAST, INC., truck and in the process of that collision was forced underneath the trailer portion of the FEDEX FREIGHT EAST, INC. tractor/trailer.

8

**ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** admits while proceeding west on Jefferson, Plaintiff's vehicle collided with and went underneath the trailer of the FEDEX FREIGHT EAST, INC.'s truck. Defendant, **FEDEX FREIGHT EAST, INC.,** denies each of the remaining allegations contained in Paragraph 8 of Count IV of Plaintiff's Complaint.

9. That on May 29, 2008 at the said time and place the Defendant, FEDEX FREIGHT EAST, INC., by and through its' employee, agent or apparent agent, Brad Swinson, failed to stop for the traffic control device controlling its lane of traffic, which was red, and struck Plaintiff's vehicle.

**ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** denies the allegations contained in Paragraph 9 of Count IV of Plaintiff's Complaint.

10. That FEDEX FREIGHT EAST, INC. by and through its employee, agent or apparent agent Brad Swinson, was then and there negligent in one of more of the following respects:

   a. Failed to obey the instructions of the official traffic control traffic control device controlling southbound traffic on North Second Street in violation of 625 ILCS 5/11-305(a);

   b. Failed to decrease his speed when approaching and crossing an intersection contrary to and in violation of 625 ILCS 5/11-601(a);

   c. Failed to decrease his speed to avoid colliding with the Plaintiff's vehicle or other vehicles legally on the highway in violation of 625 ILCS 5/11-601(a);

   d. Drove his vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and use of the highway in violation of 625 ILCS 5/11-601(a);

   e. Failed to keep a proper lookout for traffic lawfully upon the roadway directly in front of his vehicle or to the east of his motor.

    f. Failed to give an audible warning with the horn when such warming was reasonable and necessary insure safety in violation of 625 ILCS 5/12-601(a);

    g. Failed to keep his vehicle under proper control.

**ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** denies each and every allegation contained in Paragraph 10 of Count IV of Plaintiff's Complaint, including but not limited to subparagraph (a) through (g).

11. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, FEDEX FREIGHT EAST, INC., its motor vehicle collided with the motor vehicle of the Plaintiff, DOUGLAS WISE, was a passenger, resulting in the Plaintiff, DOUGLAS WISE sustaining severe and permanent injuries, both externally and internally, has caused him great pain and suffering and continues to cause great pain and suffering, and will cause him great pain and suffering in the future. Further, Plaintiff, DOUGLAS WISE, has become liable for large sums of money for medical expenses in endeavoring to be cured and healed of his injuries, had caused and continues to cause him to be impaired from going about his daily affairs as a result of his injuries and sustained a loss of earnings and a diminished earning capacity.

**ANSWER:** Defendant, **FEDEX FREIGHT EAST, INC.,** denies the allegations contained in Paragraph 11 of Count IV of Plaintiff's Complaint.

**WHEREFORE**, Defendant, **FEDEX FREIGHT EAST, INC.,** denies that the Plaintiff, DOUGLAS WISE, is entitled to judgment against him in a sum in excess of $75,000.00, or in the amount of any other sum whatsoever, and

respectfully requests that this litigation, so wrongfully brought, be dismissed, with prejudice, at Plaintiff's costs.

## **AFFIRMATIVE DEFENSES**

**FEDEX FREIGHT EAST, INC.,** an Arkansas corporation, states as follows for its Affirmative Defense:

Plaintiff, AUSTIN FERGE'S, damages were proximately caused, in whole or in part, by Plaintiff, AUSTIN FERGE'S, own conduct. At the time and place alleged in Plaintiff's Complaint, Plaintiff, AUSTIN FERGE, was negligent in one or more of the following respects:

a. Failed to obey the instructions of the official traffic control devise controlling westbound on East Jefferson in violation of 625 ILCS 5/11-305(a);

b. Carelessly and negligently owned, operated, managed, maintained, and controlled said motor vehicle at a speed that was greater than was reasonable and proper with regard to traffic condition and the use of a thoroughfare contrary to and in violation of 625 ILCS 5/11-601(a) of the Illinois Compiled Statutes;

c. Failed to decrease his speed when approaching and crossing an intersection contrary to and in violation of 625 ILCS 5/11-601(a);

d. Failed to decrease his speed to avoid colliding with the Defendant's vehicle or other vehicles in violation of 625 ILCS 5/11-601(a);

e. Failed to keep a proper lookout for other vehicles lawfully on the roadway;

f. Failed to keep his vehicle under proper control; and

g. Was otherwise careless and negligent.

**WHEREFORE, FEDEX FREIGHT EAST, INC**. prays for judgment against Plaintiff and for an award of its costs.

**\* Defendants demand trial by jury.**

        Respectfully submitted,

        SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.

        By: /s/ James D. Ellman

        One of the Attorneys for Defendants

William D. Brejcha
Donald W. Devitt
James D. Ellman
**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**
Attorneys for Defendants
30 W. Monroe Street, Suite 600
Chicago, Illinois 60603
Telephone: (312) 255-7200
Firm No. 35986

## CERTIFICATE OF SERVICE

    I, James D. Ellman, hereby certify that a copy of the foregoing pleading was filed electronically this 15th day of July, 2008. Notice of this electronic filing will be sent to all parties of record by the operation of the Court's electronic filing system. In the event the parties are not registered to receive electronic mailing, hard copies will be sent via United States First Class Mail, with proper postage prepaid this 15th day of July, 2008.

        By: /s/ James D. Ellman
            James D. Ellman
            One of Its Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| AUSTIN FERGE and DOUGLAS WISE, | ] |
| Plaintiff, | ] |
| v. | ] |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, d/b/a FEDEX EXPRESS, and FEDEX FREIGHT EAST, INC., an Arkansas corporation, | ]  Case No. 08-CV-50110 |
| Defendants. | ] |
| FEDEX FREIGHT EAST, INC., an Arkansas corporation, | ] |
| Defendant/Counter-plaintiff, | ] |
| v. | ] |
| AUSTIN FERGE, | ] |
| Plaintiff/Counter-defendant. | ] |

**COUNTERCLAIM FOR CONTRIBUTION**

TO:  Robert H. Clark
CLARK, JUSTEN & ZUCCHI, LTD.
7320 N. Alpine Road
Rockford, IL  61111

NOW COMES Defendant/Counter-plaintiff, FEDEX FREIGHT EAST, INC., by and through its attorneys, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C., and for its Counterclaim for Contribution against Plaintiff/Counter-defendant, AUSTIN FERGE, states as follows:

1. The Plaintiffs have filed a Complaint at Law against the Defendant/Counter-plaintiff alleging in pertinent part that they sustained personal injuries and damages as a result of the Defendant/Counter-plaintiff's alleged negligence. The Complaint at Law is incorporated herein by reference.

2.  The Defendant/Counter-plaintiff has filed an Answer to the Complaint at Law denying all material allegations of fault. The Answer is incorporated herein by reference.

3.  At the time and place described in Plaintiffs' Complaint, the Defendant/Counter-defendant, AUSTIN FERGE, owned, operated, drove and/or controlled a motor vehicle.

4.  At the time and place described in Plaintiffs' Complaint, the Plaintiff, DOUGLAS WISE, was a passenger in Defendant/Counter-defendant, AUSTIN FERGE's vehicle.

5.  The Defendant/Counter-defendant, AUSTIN FERGE, at the aforementioned time and place, had a duty to operate the motor vehicle in a safe and lawful manner.

6.  Defendant/Counter-defendant, AUSTIN FERGE, was guilty of one or more of the following acts or omissions:

   a. Failed to obey the instructions of the official traffic control devise controlling westbound on East Jefferson in violation of 625 ILCS 5/11-305(a);

   b. Carelessly and negligently owned, operated, managed, maintained, and controlled said motor vehicle at a speed that was greater than was reasonable and proper with regard to traffic condition and the use of a thoroughfare contrary to and in violation of 625 ILCS 5/11-601(a) of the Illinois Compiled Statutes;

   c. Failed to decrease his speed when approaching and crossing an intersection contrary to and in violation of 625 ILCS 5/11-601(a);

   d. Failed to decrease his speed to avoid colliding with the Defendant's vehicle or other vehicles in violation of 625 ILCS 5/11-601(a);

   e. Failed to keep a proper lookout for other vehicles lawfully on the roadway;

   f. Failed to keep his vehicle under proper control; and

      g.     Was otherwise careless and negligent.

7.     If judgment is entered in favor of the Plaintiff, DOUGLAS WISE and against Defendant/Counter-plaintiff, Plaintiff, DOUGLAS WISE's injuries were caused by the negligence of the Plaintiff/Counter-defendant, AUSTIN FERGE and the Defendants/Counter-plaintiff will be entitled contribution from the Plaintiff/Counter-defendant, AUSTIN FERGE, commensurate with that degree of negligence attributable to the Plaintiff/Counter-defendant, AUSTIN FERGE, pursuant to the provisions of the Illinois Contribution Among Joint Tortfeasors Act.

**WHEREFORE**, Defendants/Counter-plaintiff, FEDEX FREIGHT EAST, INC., prays for a judgment of contribution in its favor against the Plaintiff/Counter-defendant, AUSTIN FERGE.

                Respectfully submitted,

                **SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**

                By:  /s/ James D. Ellman
                    James D. Ellman
                    One of Its Attorneys

**William D. Brejcha**
**Donald W. Devitt**
**James D. Ellman**
**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**
**Attorneys for Defendant/Third-party Plaintiff**
**30 West Monroe Street, Suite 600**
**Chicago, Illinois 60603**
**Telephone:(312) 255-7200**
**Firm No. 35986**