IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| AUSTIN FERGE and DOUGLAS WISE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-CV-50110 |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware corporation, d/b/a FEDEX | ) | |
| EXPRESS, and FEDEX FREIGHT | ) | |
| EAST, INC., an Arkansas corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

**PARTIES PROPOSED CASE MANAGEMENT ORDER**

  I.   Pursuant to F.R.Civ.P. 26(f), a meeting was held on August 6, 2008, and was attended by:

Attorney Robert H. Clark for Plaintiffs, Austin Ferge and Douglas Wise.
 Attorney James Ellman for Defendants, Federal Express Corporation, d/b/a Fedex Express, and Fedex Freight East, Inc.

  II.   The F.R.Civ.P. 26(a) material will be exchanged by  August 8, 2008.

  III.   Alternative Dispute Resolution Mediation.  Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients.  Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation.  Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options.  Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of make a Rule 68 offer of judgment.

X    Parties have agreed upon mediation. _____ has been chosen as the mediator. The parties believe the best time to mediate would be by November 5, 2008, and request the matter be referred to mediation at that time. Counsels and parties will submit mediation evaluations to the Court within ten days of the conclusion of mediation.

IV.    Discovery Plan. The parties jointly propose to the court the following discovery plan:

    A)    Discovery will be needed on the following subjects:

    The facts of the motor vehicle collision, the injuries sustained by both Plaintiffs, their care and treatment, permanent disabilities and cost of care for those injuries for the remainder of their lives;

    The disclosure of expert opinions.

    B)    Maximum of 40 interrogatories by each party to any other party.

    C)    Maximum of 30 requests for admission by each party to any other party.

    D)    Maximum of 10 depositions by Plaintiff(s) and 15 by Defendant(s).

    E)    Each deposition shall be limited to a maximum of 3 hours unless extended by agreement of the parties, except that the depositions of both Plaintiffs and all 26(a((2) experts may go for up to 5 hours. .

    F)    Fact discovery cut-off is set for March 21, 2009.

    G)    Report from retained expert for the Plaintiff under Rule 26(a)(2) due on April 15, 2009. Deposition of Plaintiff's expert shall be taken by May 16, 2009. Report from retained expert for Defendant under Rule 26(a)(3) due June 16, 2009. Deposition of Defendant's expert shall be taken by August 1, 2009. Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

    H)    All discovery shall be cut off by June 1, 2009 (should be no longer than date for Defendant's expert deposition).

    I)    Time for the parties to amend pleadings and add counts is hereby established as March 21, 2009.

    J)    The parties suggest the next discovery conference with the court be _____.

All dispositive motions will be due 30 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.